# United States District Court
# District of South Carolina

| | |
|---|---|
| Clearnce Johnson, #1185;           Plaintiff; <br><br> vs. <br><br> Simon Major, Jr.; and Nurse Satterwhite;           Defendants. | C/A No. 6:06-0236-CMC-WMC <br><br> **Report and Recommendation** |

The Plaintiff, Clearnce Johnson (hereinafter, the "Plaintiff"), has brought this *pro se* action against the Defendant under Title 42 United States Code Section 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND**

The Plaintiff is incarcerated at the Sumter-Lee Regional Detention Center ("the Center"). The narrative in his Complaint is as follows:

> There's an ant situation at Sumter-Lee Regional Detention Center. I wrote Simon Major, Jr., about me being lock [sic] inside a room with ants. He never gave a response back to my request. Then I wrote a grievance form about the situation three times one on 10-6-05, another on 11-28-05 and last on 12-24-05. Neither forms was answered. These ants were also found inside my bed they were stinging me to the point of weakness [sic] had start to taken over [sic] my body. When ask Nurse Satterwhite about acohol [sic] pads for the sting she said No. I wrote grievance on her to [sic] and no response. To prove this ant situation I will kill as many as I can and mail them to this court to be as evidence.

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S .97 (1976);

*Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## **FAILURE TO STATE A CLAIM**

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement; they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Confinement conditions of pretrial detainees are normally evaluated under the Due Process Clause rather than the Eighth Amendment, because due process proscribes any punishment before proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520 (1979). The due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984); *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978).

In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. These elements have also been described as the "objective component" and the "subjective component." *Wilson v. Seiter*, 501 U.S. 294 (1991). The objective component examines the gravity of the alleged deprivation. *Hudson v. McMillian*, 503 U.S. 1 (1992). The subjective component is the state of mind – sometimes described as "culpable" – of the prison officials alleged to have violated a plaintiff's rights.

Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of the Plaintiff' claims. The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991). In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir.1993). the Court said that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant physical or mental harm. While these conditions standing alone may not constitute cruel and unusual punishment, they may constitute an Eighth Amendment violation if considered in aggregate, *McElveen v. County of Prince William*, 725 F.2d 954 (4th Cir.1984). The United States Supreme Court has cautioned, however, that to be considered in aggregate, conditions must have "a mutually enforcing effect" that produces deprivation of single, identifiable need such as food, warmth, or exercise. *Wilson v. Seiter*, 501 U.S. at 304.

In this case, Plaintiff has alleged but a single problem – ant infestation. Beyond doubt, this condition has caused discomfort. It is reasonable to expect that the Center would seek to eradicate it. It is also conceivable that, in combination with other conditions, the problem could ripen into a cause of action under 42 U.S.C. § 1983. The phrase "constitutional torts" has been frequently used to describe the conduct for which money damages may be recovered under § 1983. *See City of Monterey v. Delmonte Dunes at Monterey, Ltd.* 526 U.S. 687 (1999); *see also Lossman v. Pekarske*, 707 F. 2d 288, 290 (7th Cir. 1983) (C.J. Posner writing "... plaintiffs sometimes forget that a damage suit under that statute is a tort damage action even though the duty the defendant is charged with having violated is created by the Constitution rather than by common law or a safety statute or regulation."). The insect infestation which Plaintiff describes does not at this time meet the first prong of *Wilson* – objective, substantial risk of harm – and therefore fails to describe a constitutional tort. Because the Complaint does not meet the "objective component" of *Wilson*, it is not necessary to consider any deliberate indifference on the part of Defendant Major.

The Plaintiff may or may not have a claim against Defendant Major in state court for negligence, especially if alleged ant bites lead to some judicially cognizable injury. However, Plaintiff cannot maintain negligence claims in this Court under 42 U.S.C. § 1983. Negligence, in general, is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986); *Ruefly v. Landon*, 825 F.2d 792 (4th Cir. 1987). Further, § 1983 does not impose liability when duties of care under state law have been violated. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989); *Daniels v. Williams*, *supra* ("Jailers may owe a special duty of care to

those in their custody under state tort law...but for the reasons previously stated we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept"); *Baker v. McClellan*, 443 U.S. 137, 146 (1976) (§ 1983 claim does not lie for violation of state law duty of care); *Paul v. Davis*, 424 U.S. 693, 697 (1976). Recovery in such circumstances is properly pursued in an action under the South Carolina Tort Claims Act, S.C. Code Annotated §15-78-10 through § 15-78-200. Claims against prison officials must be based upon a showing of gross negligence. S.C. Code Annotated § 15-78-60(25). With regard to insect infestation at the Center, Plaintiff fails to state a claim upon which relief may be granted in this action.

Under *Wilson v. Seiter, supra*, a plaintiff alleging denial of medical care must show deliberate indifference to a serious need. *See also Estelle v. Gamble*, *supra*. Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. *Grayson v. Peed*, 195 F. 3d 692 (4th Circ. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Circ. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Circ. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Circ. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Circ.1991) *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990).

The Plaintiff fails to allege inattention to serious medical need. *Shakka v. Smith, supra*, *Strickler v. Waters*, 989 F. 2d 1375 (1993). Defendant Satterwhite's alleged refusal to provide alcohol pads for the ant bites may simply reflect a medical evaluation. In such case, Plaintiff merely disagrees with the diagnosis. Even if Defendant Satterwhite has improperly assessed Plaintiff's needs, negligent medical treatment is not a violation

of constitutionally protected rights.  *Estelle v. Gamble, supra*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998).

## SCREENING UNDER 28 U.S.C. § 1915

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the action. However, to protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Even applying liberal construction to the Complaint fails to state a claim upon which this Court could grant relief.

## RECOMMENDATION

The Defendants should not be required to answer this Complaint at this time. It is therefore recommended that the within Complaint be dismissed without prejudice and without issuance or service of process.  Plaintiff's attention is directed to the Notice on the following page.

s/William M. Catoe  
United States Magistrate Judge

January 30, 2006  
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603